UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAM'S WINES & LIQUORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 570 |
| v. ) | |
| ) | Judge John W. Darrah |
| SEAN HARTIG and ) | |
| PLINIO GROUP, LLC ) | |
| d/b/a Italian Wine Merchants, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sam's Wines & Liquors, Inc., filed suit against Defendants, Sean Hartig and Plinio Group, LLC (d/b/a Italian Wine Merchants), alleging misappropriation of trade secrets, conversion, unjust enrichment, breach of fiduciary duty, and violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq*. Before the Court is Defendants' Motion to Dismiss.

### BACKGROUND

This action arises from the employment, and subsequent resignation, of Defendant Sean Hartig ("Hartig") at Sam's Wines & Liquors, Inc. ("Sam's Wines"). Sam's Wines, which is incorporated under the laws of the State of Illinois and has its principal place of business in Chicago, Illinois, is a retailer of wine, spirits, food and other accessories.

Sam's Wines alleges that Hartig stole and misappropriated its confidential customer data from computers maintained by Sam's Wines prior to his resignation in June of 2005. The customer list was password-protected and employees with access to the list sign an acknowledgement, prohibiting them from disclosing such information with third parties.

Hartig signed such an acknowledgement. It is alleged that Hartig used his password to access the list, transferring the list to another medium for his own use.

Sam's Wines further alleges that Sean Hartig then took the confidential customer data to his new employer, Defendant Plinio Group LLC (d/b/a Italian Wine Merchants), and used said data to solicit customers. On November 12, 2007, Hartig sent an email to customers on Sam's Wines' customer list, soliciting business for Plinio Group, LLC ("Plinio Group"). Plinio Group is a limited liability company organized under the laws of the State of New York, with its principal place of business in New York City. Plaintiff alleges that none of the members of Plinio Group are citizens of the State of Illinois.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in the plaintiff's favor. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the complaint "must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14).

2

## ANALYSIS

*Failure to State a Claim Under the Computer Fraud and Abuse Act*

Defendants move to dismiss Plaintiff's CFAA claim under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief may be granted. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assoc., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).

The parties dispute whether or not Sam's Wines has properly stated a claim upon which relief may be granted in his CFAA claim against Hartig and Plinio Group. Plaintiff asserts its CFAA claim under subsections (a)(2)(C) and (a)(4) of the CFAA. An individual violates subsection (a)(2)(C) when he:

> "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer if the conduct involved an interstate or foreign communication."

18 U.S.C. § 1030(a)(2)(C). An individual violates subsection (a)(4) when he:

> "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

18 U.S.C. § 1030(a)(4). To maintain a civil action under the CFAA, damage and loss under Sections (a)(5)(B) and (a)(5)(A) are required. 18 U.S.C. § 1030(g).

Defendants assert three arguments for why the claim under the CFAA should be dismissed. First, Sam's Wines has not and cannot adequately allege that Hartig accessed a protected computer without authorization, or that he exceeded his authorized access. Second,

3

Sam's Wines has not and cannot allege that it suffered "damage" under the CFAA from Hartig's conduct. Finally, Sam's Wines has not and cannot allege that it suffered "loss" under the CFAA from Hartig's conduct. In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to Plaintiff. *Centers v. Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

First, Defendants argue that Plaintiff failed to properly allege unauthorized access or exceeded access under the CFAA. Plaintiff's claim under subsections (a)(2)(C) and (a)(4) involves the access to a computer that is unauthorized or exceeds authorized access. 18 U.S.C. § 1030 (a)(2)(C), (a)(4). Defendants argue that Hartig's alleged access of Sam's Wines' confidential customer list was not unauthorized and did not exceed Hartig's authorized access because Hartig was authorized to access the customer list as an employee of Sam's Wines. In support, Defendants cite *Shamrock Foods Co. v. Gast*, 535 F.Supp.2d 962 (D. Ariz. 2008) (*Gast*). In *Gast*, the court held, "[a] violation for accessing 'without authorization' occurs only where initial access is not permitted. And a violation for 'exceeding authorized access' occurs where initial access is permitted but the access of certain information is not permitted." *Gast*, 535 F.Supp.2d at 967. Defendants argue that because Hartig had initial access to the customer list, Plaintiff's Complaint fails to state a claim under 12(b)(6).

In response, Plaintiff argues that *Gast* is not controlling and is contrary to the Seventh Circuit's holding in *Intl. Airport Centers v. Citrin*, 440 F.3d 418 (7th Cir. 2006) (*Citrin*). In *Citrin*, the Seventh Circuit applied agency principles to the question of authority in a CFAA claim. In *Citrin*, the court held that an employee accesses a computer "without authorization" whenever the employee, without knowledge of the employer, acquires an adverse interest or is guilty of a serious breach in loyalty. *Citrin*, 440 F.3d at 420-1. It should be noted that *Gast*

4

specifically rejected the reasoning employed by the Seventh Circuit in *Citrin*. *Gast*, 535 F.Supp.2d at 965.

Plaintiff alleges that Hartig accessed the computer prior to his resignation for personal use and, ultimately, the use of the Plinio Group. Under the holding of *Citrin*, this Court finds that Plaintiff has properly pleaded the necessary lack of authorization for a claim under the CFAA.

Second, Defendants argue that Plaintiff failed to properly plead 'damage' under the CFAA. According to the CFAA, "the term 'damage' means any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). Defendants rely on cases to support their position including *Garelli Wong & Assoc., Inc. v. Nichols*, 551 F.Supp.2d 704 (N.D. Ill. 2008) (*Nichols*). "Where a trade secret has been misappropriated through the use of a computer, we do not believe that such conduct alone can show 'impairment to the integrity or availability of data, a program, a system, or information.'" *Nichols*, 551 F.Supp.2d at 710 (citing 18 U.S.C. § 1030(e)(8)).

Plaintiff urges the Court to follow the ruling of *Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.*, 119 F.Supp.2d 1121 (W.D. Wash. 2000) (*Shurgard*). In *Shurgard*, the court found that allegations of infiltrating a computer network and gathering and disseminating information satisfied the requirement of damage. *Shurgard*, 119 F.Supp.2d at 1127. However, *Shurgard* was explicitly rejected by *Nichols* because it was decided prior to relevant statutory amendments. *Nichols*, 551 F.Supp.2d at 710. Such amendments specifically changed the definition of damage under the CFAA. Pub.L. 107-56, Title V, § 506(a), Title VIII, § 814, Oct. 26, 2001. While not binding precedent, the Court finds the rule of *Nichols*

persuasive. Plaintiff failed to plead impairment to the integrity or availability of data, a program, a system, or information. Plaintiff has failed to plead damage under the definition of the CFAA.

Finally, Defendants argue that Plaintiff failed to properly plead "loss" as required under the CFAA. In support of this assertion, Defendants specifically cite the rule that "alleged loss must relate to investigating or remedying damage to the computer at issue or the inoperability of the accessed computer system." *Civic Center Motors, Ltd. v. Mason Street Import Cars, Ltd.*, 387 F.Supp.2d 378, 381 (S.D.N.Y. 2005) (*Civic*).

Plaintiff argues that it properly pleaded a loss according to the CFAA. In support, Plaintiff cites *Charles Schwab & Co. v. Carter*, 2005 WL 351929 (N.D. Ill. 2005) (*Carter*). In *Carter*, the court held that alleging costs of at least $5,000 during a one-year period was sufficient to state a civil cause of action under the CFAA. *Carter*, 2005 WL 351929 at *3.

Plaintiff specifically alleged in the Complaint that "Hartig has caused Sam's Wines to incur the loss in terms of responding to his conduct and conducting damage assessments of at lease, in the aggregate, five thousand dollars (US$5,000.00) during a one-year period." (Complaint ¶ 67). Not only did Plaintiff allege costs of more than $5,000, but Plaintiff also alleged that the costs were the result of responding to conduct and damage assessments. This Court finds that under *Civic* and *Carter*, Plaintiff adequately pleaded loss under the CFAA.

To properly plead a civil claim under the CFAA, a plaintiff must allege both damage and loss. *Nichols*, 551 F.Supp.2d at 708. Because Plaintiff failed to properly plead damage under the CFAA, Defendants' 12(b)(6) motion is granted, and Count V is dismissed.

### Subject-Matter Jurisdiction

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

6

Because the claim under the CFAA was dismissed, federal question jurisdiction no longer exists. Defendants argue that Plaintiff failed to satisfy the amount-in-controversy requirement for pleading diversity jurisdiction. Where jurisdiction is challenged as a factual matter, the party pleading jurisdiction has the burden of supporting the allegations of jurisdiction by competent proof. *Middle Tennessee News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001). Competent proof is proof to a reasonable probability that jurisdiction exists. *Id.* Once this burden is met, only a legal certainty against recovery or compliance of the jurisdictional amount will warrant dismissal. *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 547 (7th Cir. 2008) (*Spaulding*). Even when a defendant challenges the amount-in-controversy for all counts, analyzing each count is not necessary since it is the case, not the claim, to which the $75,000 applies. *Spaulding*, 533 F.3d at 548. When there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable. *Id.* To find joint tortfeasors to be jointly liable, there must be some sort of community in their wrongdoing, which together causes the injury. *Christensen v. Johnson*, 207 Ill. App. 209 (1st Dist. 1917) (*Christensen*). To deny jurisdiction, the court must be satisfied to a legal certainty that the defendants are not jointly liable, a burden which weighs heavily against the moving defendant. *National Union Fire Ins. Co. of Pittsburgh v. Wilkins-Lowe & Co.*, 1993 WL 453438 (N.D. Ill. 1993) (*National*). Under Illinois law, joint and several liability may apply to defendants in a conversion claim. *Fortech, L.L.C. v. R.W. Dunteman, Co., Inc.*, 366 Ill.App.3d 804 (1st Dist. 2006) (*Fortech*).

Defendants argue that the damages and losses resulting from Hartig and Plinio Group's alleged use of Plaintiff's confidential information should not be considered because Hartig did not copy or use the customer list. This is a factual argument and will be ignored for the purposes

of this motion to dismiss. Next, Defendants argue that the gross sales that Hartig made to the customers he would have encountered while previously working at Sam's Wines would be less than $20,000 and attached the Declaration of Julie Lee in support of said argument.

Plaintiff contends that the value of the customer list is well over $75,000 and supported by the Declaration of Joe Thielmann. Plaintiff argues that the conversion claim against both Defendants entitles them to the fair-market value of the customer list at the time of conversion. Plaintiff also argues that their claim for misappropriation of trade secrets entitles them to development costs and lost profits. For both the conversion claim and the trade secrets claim, Plaintiff argues that punitive damages and attorney's fees should be considered for the amount in controversy. Finally, Plaintiff argues that Defendants have not shown a legal certainty entitling Defendants to dismissal.

While Plaintiff does not specifically address whether or not Defendants are jointly liable, Plaintiff alleges in the Complaint that Defendants' actions together caused the injury to Plaintiff. Counts I, II, and III specifically name only the two Defendants and specifically allege that Defendants' actions together caused Plaintiff's injuries.

The Court finds that Defendants have failed to show by a legal certainty that Defendants are not jointly liable. Plaintiff may aggregate their amount in controversy under *Spaulding*. The Court finds that Plaintiff, through its pleadings, Complaint, and Declaration of Joe Thielmann, has shown that a reasonable probability of jurisdiction exists. The conversion count alone alleges over $75,000 in damages and, aggregating this total with the potential damages from the two other joint counts, meets the amount-in-controversy requirement. The Court further finds that Defendants did not rebut the presumption of jurisdiction using the Declaration of Julie Lee.

The Declaration merely addresses the estimated lost sales of Sam's Wines, but fails to rebut any allegations Plaintiff made regarding any other sources of damages.

The Court finds that Plaintiff adequately pleaded the amount in controversy and, therefore, diversity jurisdiction exists. Defendants' Rule 12(b)(1) motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim under the CFAA but has properly pleaded the amount in controversy required for diversity jurisdiction. Therefore, Defendants' Motion to Dismiss is denied as to Counts I, II, III, and IV and granted as to Count V. Provided further that Plaintiff is granted leave to file an amended complaint consistent with the requirements of Rule 11, within 21 days of entry of this order.

Dated: September 24, 2008

JOHN W. DARRAH
United States District Court Judge